**MUSIC STOP, INC., a corporation, Plaintiffs,**

v.

**CITY OF FERNDALE, a corporation, Defendant.**

Civ. A. No. 79-73375.

United States District Court, E. D. Michigan, S. D.

April 9, 1980.

Michael L. Stefani, Frank & Stefani, Troy, Mich., for plaintiffs.

Robert J. Turner, Ferndale City Atty., Ferndale, Mich., for defendant.

## MEMORANDUM OPINION

ANNA DIGGS TAYLOR, District Judge.

On August 13, 1979, the City Council of the City of Ferndale, Michigan, enacted Ordinance 692, which states its short title as being the Paraphernalia Ordinance of the City of Ferndale. The Ordinance declares, at § 3.01, that:

"It shall be unlawful for any person to sell, offer for sale, display, furnish, supply or give away any empty gelatin capsule, hypodermic syringe or needle, cocaine spoon, marijuana pipe, hashish pipe, or any other instrument, implement or device which is primarily adapted or designed for the administration or use of any controlled substance . . . ."

The ordinance fixes a penalty of five hundred dollars or imprisonment in the Jail of Oakland County, Michigan, for a period not to exceed ninety days, for its violation. It includes a section of "Definitions", of which the following are here pertinent:

"§ 2.01(3). "Marijuana or hashish pipe": a pipe characterized by a bowl which is so small that the primary use for which it is reasonably adapted or designed is the smoking of marijuana or hashish, rather than lawful smoking tobacco, and which may or may not be equipped with a screen."

"§ 2.01(4). "Paraphernalia": An empty gelatin capsule, hypodermic syringe or needle, cocaine spoon, marijuana pipe, hashish pipe, or any other instrument, implement, or device which is primarily adapted or designed for the administration or use of any controlled substance."

On August 29, 1979, plaintiff, a Michigan corporation with twelve retail stores in the Detroit Metropolitan area, filed this suit for a declaratory judgment that the ordinance violates plaintiff's right to the due process of law as assured by the Fourteenth Amendment of the United States Constitution, by virtue of its vagueness as a penal statute, its infringement upon plaintiff's freedom of symbolic speech, and its placement of an undue burden upon interstate commerce. The defendant municipality has denied any constitutional imperfections. The original jurisdiction of this Court was sought, and is hereby found proper, under 28 U.S.C. § 1331(a), § 1343(3), and 42 U.S.C. § 1983.

On March 20, 1980, plaintiff filed the Motion for Summary Judgment on which the court now rules, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff argues that there is no genuine issue as to any material fact, and that it is entitled to a judgment as a matter of law that the definition of the term "marijuana or hashish pipe" of § 2.01(3) and the definition of the term "paraphernalia" of § 2.01(4) of Ordinance 692 are unconstitu-

tionally vague, and, therefore invalid. This Court agrees.

The material facts are, indeed, altogether undisputed. For the past two years, one of plaintiff's twelve stores in the Detroit Metropolitan area, has been located within the defendant municipality, which is within the Eastern District of Michigan. Plaintiff's merchandise includes phonograph records, tape recordings, and sound accessories of many types, as well as a variety of pipes (some of which have a bowl size as small as a quarter-inch diameter), and smoking accessories including papers, clips, decorative cigarette boxes, incense and incense burners, and jewelry. Plaintiff's stock does not include any hypodermic syringes, needles, scales, razor blades, gelatin capsules, or spoons. Plaintiff is concerned, however, as to what items of its inventory it may or may not be prohibited by Ordinance 692 from selling, and states that it has been unable by investigation to make that ascertainment.

Plaintiff's unrebutted affidavits state that, after implementation of an identically worded ordinance in the City of Novi, Michigan, Novi police officers visited and advised the owners of the "Tobacco Road" accessory shop that they were prohibited by that Ordinance from selling certain water pipes. Identical pipes, however, have subsequently remained available for purchase after police inspection at a Novi branch of "Churchill's", a large metropolitan area chain tobacconist and humidor establishment. The affidavit of the owner of the "Tobacco Road" establishment in Novi attests that Novi police officers have also instructed him that no pipes of any size with ceramic, clay or wooden mouthpieces, and only pipes with plastic mouthpieces, could be sold at his establishment. The affidavits further indicate that the employees of the Novi branch of "Churchill's" were instructed by visiting police officers that the Ordinance permits their continued sale of cigarette papers, but only to persons over the age of 18 whose physical appearance would indicate that they would not use the papers for the smoking of controlled substances. Novi police officers have also pro-

hibited "Tobacco Road" owners from sale of electrical clips which, the officers acknowledge, are permitted to be sold in a Novi electrical supply store.

The affidavits are illustrative of the due process problems inherent in such legislation. In *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (at 408 U.S. 108–109, 92 S.Ct. at 2298), Justice Marshall wrote:

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application."

Justice Marshall's above-quoted opinion states, in a nutshell, the values upon which the rule of the earlier *U. S. v. Harris*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed.2d 989, was based. The *Harriss* court held that:

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." (347 U.S. at 617, 74 S.Ct. at 812.)

This court finds, in accordance with the above well-settled law, that Ordinance 692 does not give fair notice to a person of ordinary intelligence of what conduct is

proscribed by the definitions of § 2.01(3) and (4).

Inasmuch as this plaintiff is a retail establishment, the court further notes that the notice provided to plaintiff by this ordinance is inadequate under the rule of *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393. In that case a Sunday closing law which exempted the Sunday retail sale of "merchandise essential to, or customarily sold at, or incidental to, the operation of" bathing beaches and amusement parks was challenged as being unconstitutionally vague. The Supreme Court rejected the challenge, writing:

"We believe that business people of ordinary intelligence in the position of appellants' employer would be able to know what exceptions are encompassed by the statute either as a matter of ordinary commercial knowledge or by simply making a reasonable investigation at a nearby bathing beach or amusement park within the county." (366 U.S. at 428, 81 S.Ct. at 1106).

Ordinance 692 does not refer to or permit the investigation by a retailer of ordinary intelligence of the customary merchandise of other retailers, nor of the items incidental to any legitimate area of open commerce. To ascertain the type of pipe with a bowl "so small" as to be unlawful, pursuant to § 2.01(3), the retailer must ascertain both the "primary" or preponderant, design motivations of its manufacturers, as well as the "primary" or statistically greater, adaptations of the object by its consumers. The difficulties inherent in either determination are enormous; and both determinations are here statutorily required to be made inasmuch as the retailer's criminal liability is in the disjunctive, and may be predicated either upon design or adaptation of a "so small" pipe bowl. To make its determination of the primary use for which a small pipe is reasonably adapted, a consumer survey is required, and that survey necessarily could only occur after sale of any new or doubtful item. Moreover, that survey must be a survey of the usually hidden activities and current vogues in use of the unlawful drug abusers as compared to the lawful pipesmokers among the purchasers of any pipe, to ascertain which group numerically outweighs the other. The Ordinance does not excuse a miscount; and if the retailer's consumer adaptation survey is indeed successful in isolating a pipe of primarily unlawful adaptation, the "notice" provided thereby is nonexistent as to him.

The determination of the primary use for which the pipe was reasonably designed is also required by Ordinance 692, of the Plaintiff retailer. Inasmuch as a pipe manufacturer may be presumed to have intended to reach the broadest possible market, the retailer's ascertainment must be whether the preponderant design intent was to facilitate lawful or unlawful smoking. No objective standard of reference for the term "so small" is offered by the Ordinance, or by the municipality in this lawsuit. Plaintiff denies the existence of any correlation between size and legality of use of a pipe, other than the budget of the consumer, and defendant has not disputed that allegation. Certainly no fixed extrinsic reference point appears to exist which could be relied upon to alert the potential retailer of ordinary intelligence and prudence, or provide a sliding scale for measurement of primary and secondary design intent.

It is noteworthy that the intent or foreknowledge of the retailer itself is a total irrelevancy to criminal liability under this ordinance.

The definition of "paraphernalia" at § 2.01(4) of Ordinance 692 is similarly flawed. Of the items listed therein, plaintiff is concerned that the definition's inclusion of a ". . . pipe, or any other instrument, implement, or device which is primarily adapted or designed for the administration or use of any controlled substance," is unlawfully vague. Plaintiff's inventory includes pipes of varying sizes and styles, as aforementioned, as well as decorative cigarette boxes, cigarette papers, and clips, the status of which this definition places in question.

This definition, like that of § 2.01(3), refers the retailer of ordinary intelligence to

a consumer survey of primary adaptive use as well as to an investigation of primary, or preponderant, design intent, for every item it offers for sale. There is a complete dearth of objective standards. In *Connally v. General Construction*, 269 U.S. 385, at 391, 46 S.Ct. 126, at 127, 70 L.Ed. 322, the Supreme Court wrote:

> "The precise point of differentiation in some instances is not easy of statement. But it will be enough for present purposes to say generally that the decisions of the court upholding statutes as sufficiently certain, rested upon the conclusion that they employed words or phrases having a technical or other special meaning, well enough known to enable those within their reach to correctly apply them."

This definition, like the preceding, fails to present any reasonable standard of certainty to those within its reach, hitches the criminal liability of the plaintiff retailer to the unexpressed intentions and surreptitious usages of others, and renders the best and most innocent of intentions of the most cautious of pipesellers an irrelevance, should he miscalculate his design and adaptation survey.

Adequate notice to those responsible for the enforcement of this Ordinance of its exact prohibitions is also missing. As was held in *Grayned, supra*, and has undisputedly been the case in the City of Novi, such uncertainty leads inevitably to subjective, arbitrary, and discriminatory law enforcement, and delegates municipal policy making to police officers and to judges.

This court is well aware of the serious threat which is presented to our community by the abuse of controlled substances, and this court does not minimize the magnitude of that problem. Nevertheless, the Constitution of this country requires that the most serious threats to our public order be met without legislative infringement upon the right which we as a people have seen fit to assure each one among us of the due process of law.

Accordingly, it is ordered that plaintiff's motion for Summary Judgment be, and it hereby is, GRANTED.