Jay **MAGNANI, Individually, and Roland Jesse, Jr., Individually collectively doing business as Sids' Headshop: Steven de-Prosse; and Iowa Norml, Plaintiffs,**

v.

**CITY OF AMES, IOWA, Defendant.**

Civ. No. 80–229–A.

United States District Court,
S. D. Iowa, C. D.

July 21, 1980.

Mark Bennett, Iowa Civil Liberties Staff Atty., Des Moines, Iowa, Judd Golden, Des Moines, Iowa, for plaintiff Norml.

John R. Klaus, City Atty., Sandra M. Zenk, Asst. City Atty., City of Ames, Ames, Iowa, for defendant.

RULING AND ORDER

STUART, Chief Judge.

The Court has before it a request by the plaintiffs for preliminary and permanent injunctive relief from the enforcement of a drug paraphernalia ordinance enacted by the City of Ames, Iowa. A temporary restraining order was issued May 28, 1980. A hearing was held on the merits of this matter on June 12, 1980. The Court has determined that it has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 2201–2202 and 28 U.S.C. § 1343(3).

Plaintiffs Jay Magnani and Roland Jesse, Jr. have owned and operated "Sid's Head Shop" in Ames, Iowa for approximately two and one-half years. The plaintiffs believe that some of the goods sold may come under the ordinance, but allege that they are unable to determine exactly what is covered by the ordinance. As a result, the plaintiffs

anticipate having to close their store out of fear of prosecution because they cannot exactly determine what not to sell. A resident of Ames who is a named plaintiff in this action, Steven deProsse, also expressed apprehension that he may come under the ordinance, but he is unable to determine if he does.

The ordinance provides in pertinent part:

SECTION ONE. *Short Title and Citation.* This ordinance shall be known and may be cited as the Paraphernalia Regulations of the City of Ames.

SECTION TWO. *Definitions.* The following words and phrases when used in these regulations for the purposes of these regulations shall have the meanings respectively ascribed to them in this section, except where the context clearly indicates a different meaning:

(1) 'Cocaine Spoon': A spoon with a bowl so small that the primary use for which it is reasonably adapted or designed is to hold or administer cocaine, and which is so small as to be unsuited for the typical lawful uses of a spoon. A cocaine spoon may or may not be labeled as a 'cocaine' spoon or 'coke' spoon.

(2) 'Controlled substance': Any drug, substance or immediate precursor enumerated, defined or established pursuant to the provisions of Chapter 204 Code of Iowa 1979, also known as the Uniform Controlled Substances Law.

(3) 'Marijuana or Hashish Pipe': A pipe characterized by a bowl which is so small that the primary use for which it is reasonably adapted or designed is the smoking of marijuana or hashish, rather than lawful smoking tobacco, and which may or may not be equipped with a screen.

(4) 'Paraphernalia': An empty gelatin capsule, hypodermic syringe or needle, cocaine spoon, marijuana pipe, hashish pipe, or any other instrument, implement, or device which is primarily adapted or designed for the administration or use of a controlled substance.

(5) 'Person': An individual, corporation, business trust, estate, trust, partnership, or association.

SECTION THREE. *Sale or Display Prohibited.* It shall be unlawful for any person to sell, offer for sale, display, furnish, supply or give away any empty gelatin capsule, hypodermic syringe or needle, cocaine spoon, marijuana pipe, hashish pipe, or any other instrument, implement or device which is primarily adapted or designed for the administration or use of any controlled substance to any person.

The plaintiffs in their complaint allege that the ordinance contains unconstitutionally vague terms, phrases, and definitions and places constitutionally impermissible restrictions on the plaintiffs' right to privacy, free speech, due process, and equal protection, inter alia. Both parties in their briefs and at the hearing have focused mainly on the issue of vagueness. The Court believes the vagueness issue is the critical issue in this case and, in light of the parties' arguments at the hearing, the Court will limit its discussion to the issue of vagueness.

■ It has been well established that the doctrine of vagueness is found within the due process clauses of the Fifth and Fourteenth Amendments. As the Court in *Grayned v. City of Rockford,* 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222 (1972) stated:

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws often offend several important values. First, because we assume that a man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to

policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

The Court in *Geiger v. City of Eagan*, 618 F.2d 26, 28 (8th Cir. 1980), stated that "[d]ue process has two requirements: that laws provide notice to the ordinary person of what is prohibited and that they provide standards to law enforcement officials to prevent arbitrary and discriminatory enforcement."

The notion of vagueness was also described in *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1953), where the court stated:

The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.

Several courts have passed on the issue of whether particular "drug paraphernalia" ordinances are constitutional.[1] Two cases, in particular, addressed an ordinance in which the pertinent sections were identical to those in the present case.

The court in *Tobacco Road v. City of Novi*, 490 F.Supp. 537 (E.D.Mich. 1979), examined several constitutional attacks to the ordinance and found the ordinance to be constitutional. In regard to the issue of vagueness, the court held that "[a]s defined in the challenged ordinance, the terms *marijuana or hashish pipe, cocaine spoon*, and *paraphernalia* are sufficiently definite to provide the plaintiff with fair notice of what items cannot be sold, displayed or otherwise distributed." *Id.* at 546.

In *Tobacco Road*, supra, the Court relied on *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). *McGowan* involved a statute which exempted from the Sunday closing laws retail sales of " 'merchandise essential to, or customarily sold at, or incidental to, the operation of' bathing beaches, amusement parks, et cetera." *Id.* at 428, 81 S.Ct. at 1107. The court in *Tobacco Road* quoted the following found in *McGowan v. Maryland*.

We believe that business people of ordinary intelligence in the position of appellant's employer would be able to know what exceptions are encompassed by the statute either as a matter of ordinary commercial knowledge or by simply making a reasonable investigation at a nearby bathing beach or amusement park within the county.

*Tobacco Road v. City of Novi*, 490 F.Supp. at 546. In regard to this holding, the court was "persuaded that a reasonably ascertainable standard of conduct is presented by the ordinance", and it is the retailers' responsibility to insure that his actions do not fall outside the legal limits. *Tobacco Road v. City of Novi*, 490 F.Supp. at 548.

Approximately ten months later, the United States District Court for the Eastern District of Michigan, in *Music Stop, Inc. v. City of Ferndale*, 488 F.Supp. 390 (E.D. Mich.1980), once again was faced with a constitutional challenge to an ordinance which in pertinent part was identical to the ordinance in *Tobacco Road* and the one in the present case. In *Music Stop*, the court held that the ordinance was unconstitutionally vague. The court also relied on *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), but in applying *McGowan* the court stated that "[n]o objective standard of reference for the term [a bowl] 'so small' is offered by the ordinance." *Music Stop, Inc. v. City of*

---

1. *Geiger v. City of Eagan*, 618 F.2d 26 (8th Cir. 1980); *Smith v. Roark*, No. 80–21110 (S.D.Va. May 13, 1980); *Record Revolution No. 6, Inc. v. City of Parma, Ohio, et al.*, 492 F.Supp. 1157 (N.D.Ohio, 1980); *Music Stop, Inc. v. City of Ferndale*, 488 F.Supp. 390 (E.D.Mich. April 9, 1980); *Indiana Chapter Norml, et al. v. Sendak,*

et al., No. TH 75–142–C (S.D.Ind. February 4, 1980) (en banc); *Weingart v. The Town of Oyster Bay*, No. 79 C 2932 (E.D.N.Y. December 17, 1979); *Tobacco Road v. City of Novi*, 490 F.Supp. 537 (E.D.Mich. 1979). *See also Geiger v. City of Eagan*, 618 F.2d 26, 28 n. 5 (8th Cir. 1980).

*Ferndale*, 488 F.Supp. at 393. The court also stated that "[c]ertainly no fixed extrinsic reference point appears to exist which could be relied upon to alert the potential retailer of ordinary intelligence and prudence, or provide a sliding scale for measurement of primary and secondary design intent." *Id.* It is also significant that the court in *Music Stop* stated that "[i]t is noteworthy that the intent or foreknowledge of the retailer itself is a total irrelevancy to the criminal liability under this ordinance." *Id.* In concluding that the ordinance was unconstitutionally vague, the court stated that as "has undisputedly been the case in [*Tobacco Road*], such uncertainty leads inevitably to subjective, arbitrary, and discriminatory law enforcement, and delegates municipal policy making to police officers and to judges." *Id.* at 394.

■ This Court, having given careful consideration to the rationales stated in *Tobacco Road* and *Music Stop*, along with the testimony given at the hearing, finds itself to be in accord with *Music Stop* and holds that the City of Ames ordinance, in question, is unconstitutionally vague.

At the hearing, plaintiff Magnani testified that the greatest ambiguity comes from the ordinance's definition of "marijuana or hashish pipe". In regard to this, the greatest confusion centered around what is meant by a bowl which is "so small" that the primary use for which it is designed is smoking of marijuana or hashish, rather than smoking tobacco. The main point of confusion was directed at what point a bowl becomes "so small". Generally, the witnesses were able to distinguish the parameters of the size of bowls, but were unable to say for sure at what point a bowl was "so small" as to be in violation of the ordinance.

There was also confusion as to what is meant by a "cocaine spoon". Once again the question became how small must the spoon's bowl be in order to come under the ordinance, and the witnesses appeared unable to make this determination.

From this testimony, it is apparent that the Ames ordinance does not provide sufficient guidance as to what is covered under the ordinance. An ordinary person would not have sufficient notice of what is prohibited by the ordinance. Thus, the first standard set forth in *Grayned* indicates that the ordinance is unconstitutionally vague.

The second requirement under *Grayned* is that the ordinance must provide sufficient standards to law enforcement officials to prevent arbitrary and discriminatory enforcement. *Grayned v. City of Rockford*, 408 U.S. at 106–107, 92 S.Ct. at 2297–2298.

At the hearing, the detective in charge of enforcing the Ames ordinance testified that he had no doubt as to what constitutes "drug paraphernalia". He also testified that he knew what to look for, but he did admit that he had little training in narcotics. During his testimony, however, the detective was unable to determine at what point a bowl became "so small" as to be covered under the ordinance. When shown a meerschaum pipe he stated that, due to its small bowl size, it would be prohibited by the ordinance. This was in conflict with the testimony of an owner of a pipe and tobacco shop which had been in business for approximately twenty-three years. The owner testified that she believed the meerschaum pipe would not be covered under the ordinance. During his testimony the police officer was unable to specify the size or types of items which would be prohibited by the ordinance. In particular, the officer was unable to state how small a particular bowl would have to be before it would be covered by the ordinance.

This once again illustrates the problem of vagueness which is inherent in this particular ordinance. The uncertain testimony given by the police officer indicates that the vague wording of the ordinance could lead to discriminatory and arbitrary enforcement.

Although there was other testimony illustrating the problem of vagueness in the ordinance, this Court does not believe that such testimony need be specifically recounted in this ruling and order. The fact that this Court has limited its discussion to only a portion of the ordinance does not indicate

that the remaining portions are either constitutional or unconstitutional.

In addition, the fact that this Court has determined that the present City of Ames ordinance is unconstitutional does not mean that a valid ordinance regulating sale of drug paraphernalia cannot be enacted. As the court in *Geiger v. City of Eagan*, 618 F.2d 26, 28 (8th Cir. 1980) stated: "[A city] clearly has the power through a properly drawn ordinance to discourage the availability of drugs and the acceptance of drug use by prohibiting the sale of drug-related devices." In making this statement the court in *Geiger*, through a footnote, referred to the Model Drug Paraphernalia Act which was drafted by the Drug Enforcement Administration of the U. S. Department of Justice as an example of such a statute. *Geiger v. City of Eagan*, 618 F.2d 26, 28 n. 4 (8th Cir. 1980). The Act was drafted in August, 1979.

This Court finds the City of Ames ordinance to be unconstitutionally vague and hereby grants the plaintiffs' request for preliminary and permanent injunction. The matter of attorneys' fees may be raised at a later date pursuant to a motion supported by affidavits.

IT IS THEREFORE ORDERED that the plaintiffs' request for a preliminary and permanent injunction is hereby granted, and the Court enjoins the City of Ames, Iowa, and its officers, agents, servants and employers, and all others in active concert or participation with them, from enforcing the "Paraphernalia Regulations of the City of Ames".