**TOBACCO ACCESSORIES AND NOVELTY CRAFTSMEN MERCHANTS ASSOCIATION OF LOUISIANA et al.**

v.

**David TREEN as Governor of Louisiana, and William Guste as Attorney General of Louisiana.**

No. 80–3372.

United States District Court, E. D. Louisiana.

Oct. 28, 1980.

William E. Rittenberg, New Orleans, La., for plaintiffs.

Joseph W. Thomas, Asst. Atty. Gen., New Orleans, La., for defendants.

REASONS FOR JUDGMENT

DUPLANTIER, District Judge.

Plaintiffs, various wholesale and retail merchants and a trade association, sued the Governor and Attorney General of Louisiana to enjoin the enforcement of certain portions of Louisiana Revised Statutes 40:1031 through 40:1036, known as the "Drug Paraphernalia Act". (1980 La.Acts No. 669). The Louisiana act is an adaptation of the Model Drug Paraphernalia Act [Model Act] drafted by the Drug Enforcement Administration of the United States Department of Justice. In the past year, a number of states and local governments, in an attempt to curb an alarming increase in drug abuse, particularly by youths, have adopted statutes or ordinances based upon the Model Act, most with some modifications. Many of these statutes and ordinances have been attacked as unconstitutional, provoking numerous district court decisions within the past several months. The few modifications which the Louisiana Legislature made in the Model Act will be discussed hereafter.

Because plaintiffs would suffer irreparable injury otherwise, the court granted a temporary restraining order on September 10, 1980. The trial of the application for a preliminary injunction was consolidated with the trial on the merits pursuant to Rule 65(a)(2), F.R.C.P. After trial on October 22, 1980, the matter was taken under advisement.

Plaintiffs contend that the statute is vague and overbroad, that it violates the due process clause because it is not rationally related to any legitimate state goal, that it is an impermissible restraint upon the freedom of speech, and that it violates the equal protection, bill of attainder and commerce clauses of the United States Constitution. The court disagreed, refused to grant injunctive relief[1] and entered judgment dismissing plaintiffs' suit.

Our decision is based in part upon the well–reasoned opinions of a number of recent district court decisions upholding against constitutional attack those portions of the Model Act (or similar provisions) relevant to the Louisiana statute.[2] *The Casbah, Inc. v. Charles Thone*, Civ. No. 80–0–271 (D.Neb.1980); *World Imports, Inc. v. Woodbridge Township*, 493 F.Supp. 428 (D.N.J.1980); *Florida Businessmen for Free Enterprise v. The City of Hollywood*, No. 80–6157–Civ– (S.D.Fla.1980); *Delaware Accessories Trade Association v. Richard S. Gebelein*, 497 F.Supp. 289 (D.Del.1980); *Record Revolution No. 6, Inc. v. City of Parma, Ohio*, 492 F.Supp. 1157 (N.D.Ohio 1980).

It would serve no useful purpose to reiterate the reasoning (with which we generally agree) in the decisions cited above; we focus instead upon the differences between the Louisiana act and the Model Act and between the Louisiana act and those statutes and ordinances upheld in the above–cited cases.

The most significant variation from the Model Act in the Louisiana statute is the inclusion in the Louisiana statute of two subsections not in the Model Act, R.S. 40:1033(A) and (B):

§ 1033. Prohibited Acts

A. It is unlawful for any person or corporation, knowing the drug related nature of the object, to sell, lend, rent, lease, give, exchange, or otherwise distribute to any person any drug paraphernalia.

B. It is unlawful for any person or corporation, knowing the drug related nature of the object, to display for sale or possess with the intent to distribute, any drug paraphernalia.

Having rejected plaintiffs' contention that the Model Act is unconstitutional, we also reject plaintiffs' argument that this alternation of the Model Act renders Louisiana's enactment unconstitutionally vague and overbroad.[3] The two Louisiana subsections not in the Model Act both prohibit listed activities with respect to "drug paraphernalia", which is defined, as used throughout the statute, in § 1031. In each of the twelve subsections of § 1031 there appears the language "used, intended for use, or designed for use" in various activities related to unlawful drugs ("controlled substances"). That definition of drug paraphernalia, taken within the context of the entire statute, clearly requires criminal intent on the part of the person charged with violating the statute and thus prevents the statute from being applied to innocent indi-

1. After plaintiffs filed an appeal, this court entered the minute entry attached as Appendix A, denying an injunction pending appeal. The United States Court of Appeals for the Fifth Circuit denied plaintiffs' motion for a .stay pending appeal on November 4, 1980.

2. We note that other district courts have taken a contrary view. *Record Head Corp. v. Michael Sachen*, 498 F.Supp. 88 (E.D.Wisc.1980); *Florida Businessmen for Free Enterprise v. The State of Florida*, 499 F.Supp. 346, (N.D.Fla.

1980). The reasoning of those cases, if applied to the Louisiana statute, would probably result in a declaration of unconstitutionality for some portions of the statute.

3. La.R.S. 40:1033(C) proscribes the use of, or possession with intent to use, drug paraphernalia. At trial, plaintiffs withdrew their challenges to that section, conceding that they are without standing relative thereto.

viduals who lack the requisite *mens rea. Casbah, World Imports, Florida Businessmen, Delaware Accessories,* and *Record Revolution, supra.* Consequently, when § 1033(A) makes it, e. g., "unlawful for any person . . . to sell . . . or otherwise distribute . . . any drug paraphernalia", unless there is criminal intent there is no prohibited sale. The same analysis applies to each proscribed act under subsections A and B. While the phrase "knowing the drug related nature of the object" may be superfluous, considering the definition of "drug paraphernalia", it can do no more than strengthen the statute in emphasizing the scienter element. When the statute requires knowledge on the part of the alleged offender "of the drug related nature of the object", it in effect requires that he know that the object is "drug paraphernalia". Thus one who engages in activity without knowledge that the items involved are "used, intended for use, or designed for use" with unlawful controlled substances is not guilty of an offense.

Article II, section B, of the Model Act, dealing with manufacture and delivery of drug paraphernalia, contains a constructive knowledge clause which has proven problematic. The courts in *Casbah* and *Record Revolution* rejected the clause as vague and overbroad, while the *Florida Businessmen* and *Delaware Accessories* courts were con- tra, finding the Model Act's "reasonably should have known" standard was not sufficiently different from an actual knowledge standard as to make that section unconstitutional. The Louisiana Legislature deleted from its act section B of the Model Act, thus eliminating the "should have known" issue. Also, Louisiana deleted the Model's eleventh relevant consideration used in determining whether items are drug paraphernalia, the factor of whether a possessor was a "legitimate supplier", which *Casbah* and *Florida Businessmen* both rejected as imprecise and misleading but which was accepted in the other cited cases.

4. Less significantly, Louisiana added § 1034, involving exceptions and affirmative defenses, while deleting the Model's provision making

The only other significant modification [4] of the Model Act in the Louisiana statute is in § 1032, which reads in pertinent part:

In determining whether an object is drug paraphernalia, a court or other authority *shall consider,* in addition to all other *legally relevant* factors, the following . . .

(emphasis added)

The underscored words replace the Model's "should consider" and "logically relevant", resulting in a more narrow and precise statute in Louisiana, allowing for less discrimination by authorities applying it.

This opinion should not be concluded without some reference to the evidence presented at the trial, which served primarily to reinforce what already was apparent. Plaintiffs are correct in their assertion that many of the articles covered by the statute could also have legitimate uses, i. e., they would not be drug paraphernalia absent the *mens rea.* Defendants are correct in their assertion that the statute is a rational effort by the Louisiana Legislature to attain a legitimate state end, control of drug abuse. Finally, while it is probably of no consequence to the resolution of the legal issues, the evidence convinced the court that, notwithstanding their testimony to the contrary, plaintiffs are well aware that the objects which they sell foster drug abuse. Indeed, their agents and employees encourage it.

### APPENDIX A

### MINUTE ENTRY

### OCTOBER 29, 1980

The court this date entered judgment dismissing plaintiffs' suit, for written reasons rendered yesterday. Plaintiffs have filed an appeal and a motion "to continue restraining order pending appeal pursuant to Rule 62(c)". The court construes the motion as a motion requesting the court to grant an injunction pending appeal. (Rule 62(c)). The court denies the motion.

delivery of drug paraphernalia to a minor a special offense.

APPENDIX A—Continued

Plaintiffs may suffer irreparable injury if a stay is not granted. However, in the court's opinion plaintiffs are not likely to succeed on the merits of the appeal, and a stay could cause great harm to the public interest in the enforcement of the Louisiana statute designed to combat drug abuse.

Plaintiffs have advised the court that they intend to request the Court of Appeals to issue an injunction pending appeal (Rule 62(g)). In order to maintain the status quo, the court hereby extends the temporary restraining order previously entered by it for a period of ten days, or until the Court of Appeals acts upon plaintiffs' application for injunction pending appeal, whichever occurs sooner.

(s) Adrian G. Duplantier