

# The Attorney General of Texas

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 21, 1981

Honorable Charles Evans, Chairman
House Committee on Government
 Organization
P. O. Box 2910
Austin, Texas 78769

Opinion No. MW-326

Re: Constitutionality of House
Bill 733

Dear Representative Evans:

You have requested our opinion regarding the constitutionality of House Bill 733, presently pending in the 67th Legislature. The bill would amend the Texas Controlled Substances Act, article 4476-15, V.T.C.S., by adding the following:

> Sec. 4.07. POSSESSION OR DELIVERY OF DRUG PARAPHERNALIA
>
> (a) A person commits an offense if he knowingly or intentionally uses or possesses with intent to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, or conceal a controlled substance in violation of this Act or to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this Act.
>
> (b) A person commits an offense if he knowingly or intentionally delivers, possesses with intent to deliver, or manufactures with intent to deliver drug paraphernalia knowing that the person who receives or who is intended to receive the drug paraphernalia intends that it be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, or conceal a controlled substance in violation of this Act or to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this Act.
>
> (c) A person commits an aggravated offense if he commits an offense under Subsection (b) of this

section, is 18 years of age or older, and the person who receives or who is intended to receive the drug paraphernalia is under 18 years of age and at least three years younger than the actor.

(d) An offense under Subsection (a) of this section is a Class C misdemeanor.

(e) An offense under Subsection (b) of this section is a Class A misdemeanor. If it be shown on a trial for violation of Subsection (b) of this section, that the defendant has been before convicted of Subsection (b) or (c) of this section, then an offense under Subsection (b) of this section is a felony of the third degree.

(f) An offense under Subsection (c) of this section is a felony of the third degree.

The bill defines "drug paraphernalia" as:

equipment, a product, or a material of any kind that is used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, or concealing a controlled substance in violation of this Act or in injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this Act. It includes, but is not limited to:

(A) a kit used or intended for use in planting, propagating, cultivating, growing, or harvesting any species of plant that is a controlled substance or from which a controlled substance can be derived;

(B) a kit used or intended for use in manufacturing, compounding, converting, producing, processing, or preparing a controlled substance;

(C) an isomerization device used or intended for use in increasing the potency of any species of plant that is a controlled substance;

(D) testing equipment used or intended for use in identifying or in analyzing the strength, effectiveness, or purity of a controlled substance;

(E) a scale or balance used or intended for use in weighing or measuring a controlled substance;

(F) a diluent or adulterant, such as quinine hydrochloride, mannitol, mannite, dextrose, or lactose, used or intended for use in cutting a controlled substance;

(G) a separation gin or sifter used or intended for use in removing twigs and seeds from or in otherwise cleaning or refining marijuana;

(H) a blender, bowl, container, spoon, or mixing device used or intended for use in compounding a controlled substance;

(I) a capsule, balloon, envelope, or other container used or intended for use in packaging small quantities of a controlled substance;

(J) a container or other object used or intended for use in storing or concealing a controlled substance;

(K) a hypodermic syringe, needle, or other object used or intended for use in parenterally injecting a controlled substance into the human body; and

(L) an object used or intended for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, or hashish oil into the human body, such as:

> (i) a metal, wooden, acrylic, glass, stone, plastic, or ceramic pipe with or without a screen, permanent screen, hashish head, or punctured metal bowl;
>
> (ii) a water pipe;
>
> (iii) a carburetion tube or device;
>
> (iv) a smoking or carburetion mask;
>
> (v) a chamber pipe;
>
> (vi) a carburetor pipe;
>
> (vii) an electric pipe;
>
> (viii) an air-driven pipe;
>
> (ix) a chillum;

(x)    a bong; or

(xi)    an ice pipe or chiller.

The bill also provides the following:

Sec. 5.15.  EVIDENTIARY RULES.  In considering whether an item is drug paraphernalia under this Act, a court or other authority shall consider, in addition to all other logically relevant factors, and subject to current rules of evidence:

(1)  statements by an owner or by anyone in control of the object concerning its use;

(2)  prior convictions, if any, of an owner or of anyone in control of the object, under any state or federal law relating to controlled substances;

[no Subsection (3) appears in text of bill]

(4)  the existence of any residue of controlled substances on the object;

(5)  direct or circumstantial evidence of the intent of an owner or of anyone in control of the object to deliver it to persons whom he knows or should reasonably know intended to use the object to facilitate a violation of this Act (the innocence of an owner or of anyone in control of the object as to a direct violation of this Act does not prevent a finding that the object is intended for use or designed for use as drug paraphernalia);

(6)  instructions, oral or written, provided with the object concerning its use;

(7)  descriptive materials accompanying the object which explain or depict its use;

(8)  the manner in which the object is displayed for sale;

(9)  whether the owner or anyone in control of the object is a supplier of similar or related items to the community, such as a licensed distributor or dealer of tobacco products;

(10)  direct or circumstantial evidence of the ratio of sales of the object to the total sales of the business enterprise;

(11)  the existence and scope of legitimate uses for the object in the community;

(12)  the physical design characteristics of the item; and

(13)  expert testimony concerning its use.

Since 1978, a substantial number of state and municipalities have adopted statutes and ordinances prohibiting, in varying degrees, the possession and sale of drug paraphernalia.   Many of the early attempts at such legislation were held unconstitutional by the federal courts, primarily on the grounds of vagueness and overbreadth. See, e.g., Flipside, Hoffman Estates, Inc. v. Village of Hoffman Estates, 639 F. 2d 373 (7th Cir. 1981); Geiger v. City of Eagan, 618 F. 2d 26 (8th Cir. 1980); Record Head Corp. v. Sachen, 498 F. Supp. 88 (E.D. Wis. 1980); Music Stop, Inc. v. City of Ferndale, 488 F. Supp. 390 (E.D. Mich. 1980); Knoedler v. Roxbury Township, 485 F. Supp. 990 (D.N.J. 1980); High Ol' Times, Inc. v. Busbee, 456 F. Supp. 1035 (N.D. Ga. 1978), aif'd per curiam, 621 F. 2d 141 (5th Cir. 1980).

In response to these court decisions, the United States Department of Justice, in August 1979, drafted a Model Drug Paraphernalia Act, which has been widely adopted. Most courts which have considered statutes or ordinances based upon the Model Act have upheld their validity.   See, e.g., Tobacco Accessories & Novelty Craftsmen Merchants Ass'n of Louisiana v. Treen, 501 F. Supp. 168 (E.D. La. 1980); Mid-Atlantic Accessories Trade Ass'n v. State of Maryland, 500 F. Supp. 834 (D. Md. 1980); Delaware Accessories Trade Ass'n v. Gebelein, 497 F. Supp. 289 (D. Del. 1980); World Imports, Inc. v. Woodbridge Township, 493 F. Supp. 428 (D.N.J. 1980). In one instance, a court held a statute invalid only to the extent it departed from the Model Act.   Florida Businessmen For Free Enterprise v. State of Florida, 499 F. Supp. 346 (N.D. Fla. 1980).

In only one case, however, has a statute or ordinance based on the Model Act reached the federal appellate level.  See Flipside, Hoffman Estates, Inc., 639 F. 2d at 375, 376 (brief review of the history of paraphernalia statutes to Janaury 1981).  In that case, Record Revolution No. 6, Inc. v. City of Parma, 638 F. 2d 916 (6th Cir. 1980), the court found certain portions of an ordinance based on the Model Act to be unconstitutional.   Significantly, every portion held invalid by the court has been removed from the present version of House Bill 733.  Thus, House Bill 733, as amended, has been upheld in all respects by the only federal appellate court which has considered the matter.  The municipality in the City of Parma case filed its appeal to the United States Supreme Court on March 3, 1981 (Docket No. 80-1507), but as of this date, the Supreme Court has taken no action thereon.

The Model Act defines "drug paraphernalia" to include "all equipment, products and materials of any kind which are used, intended for use, or designed for use" in violating the drug laws. (Emphasis added).  House Bill 733 omits the "designed for use" aspect of the test.  The court in City of Parma says that the "designed for use" standard sanctions transferred intent, and "gives no hint to those attempting to comply. . . what is included in the definition." 638 F. 2d at 928, 930.  There may be no "design" characteristics of an item, the court says, that distinguish lawful from unlawful purposes.  As a result, "defining drug paraphernalia in terms of 'design' is vague and overbroad." Id. at 931.  By contrast, the terms "use" and "intended for use," at least on their face, are not vague or overbroad. Id. at 929.

In its examples of drug paraphernalia, the Model Act lists items which may be considered drug paraphernalia, provided they are also used, intended for use, or designed for use in violating the drug laws. The City of Parma court concludes that any attempt to construe the listed items as drug paraphernalia per se would render the statute vague and overbroad. Id. at 932. House Bill 733 does not do so. It is clear that it views the listed items as examples only. It must still be proved that a particular item was "used or intended for use" in violating the drug laws. The court does strike down two of the listed items of paraphernalia, "roach clips" and "miniature cocaine spoons," on the ground of lack of precision in those terms. Id. at 932-33. Again, however, House Bill 733 omits these items from its list of examples of paraphernalia.

In its section labeled "evidentiary rules," the Model Act lists a number of factors to be considered in determining whether an item is drug paraphernalia, "subject to current rules of evidence." Although the court in City of Parma does not say that any of these factors is overbroad on its face, it finds problems with several of them. One, "the proximity of the object, in time and space, to a direct violation of the Act or to a controlled substance," sanctions guilt by association, according to the court. Id. at 933. This factor is omitted from House Bill 733. Another factor which the court implicity faults, and which House Bill 733 omits, is "national and local advertising concerning its use." On the basis of the court's argument, consideration of this factor would make the retailer responsible for media advertising over which he has no control.

House Bill 733 adds one factor which is not present in the ordinance considered in City of Parma: "the physical design characteristics of the item." Since the consideration of "design" is here inserted merely as an item of evidence, and is not part of the definition of drug pharaphernalia, the Sixth Circuit, as with the other questionable evidentiary factors considered above, would probably not declare it to be overbroad on its face. Because "design" is ambiguous, however in the context of a multi-use item, and since the "designed for use" standard was held invalid by the court in considering the definition of "drug paraphernalia," it is our opinion that House Bill 733 would be improved if this factor were removed from the list of evidentiary factors.

The Model Act makes unlawful the delivery, sale or possession with intent to deliver or sell drug paraphernalia, "knowing, or under circumstances where one reasonably should know," that it will be used to violate the drug laws. The court in City of Parma says this "reason to know" standard is vague and overbroad, because it is "too open-ended and too susceptible to misapplication to satisfy the dictates of due process." Id. at 935-36. House Bill 733 omits "reason to know," requiring instead a standard of "knowing that the person who receives or who is intended to receive the drug paraphernalia" intends to use it to violate the drug laws. Clearly, such a standard satisfies the court's objections in City of Parma.

The Model Act creates an offense of placing in any publication any advertisement, "knowing or under circumstances where one reasonably should know, that the purpose of the advertising, in whole or in part, is to promote the sale of objects designed or intended for use as drug paraphernalia." The City of Parma court holds

that this provision violates "the First Amendment right of free speech." Id. at 937. Again, however, House Bill 733 is not affected, because it does not create an offense for the advertising of drug paraphernalia.

It is clear that the drafters of House Bill 733 have paid careful attention to the court's decision in City of Parma and have amended their bill so as to remove the court's objections.  It appears that House Bill 733 would satisfy the constitutional standards of the Texas and federal courts.  We conclude, therefore, that with the exception noted, House Bill 733 would be upheld as constitutional.

## SUMMARY

House Bill 733 is constitutional.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Gerald C. Carruth
Judge Leon Douglas
Bruce Youngblood