OPINION OF THE COURT
Irving Lang, J.
In 1977, the Legislature of the State of New York enacted chapter 910 of the Laws of 1977, entitled "AN ACT to amend the penal law, in relation to sexual performances by children,” which added article 263 to the Penal Law of this State.
The defendant, apparently the first person prosecuted under this statute, now challenges the constitutionality of article 263.
THE FACTS
The People allege that on March 5 and March 7, 1978, an undercover agent went to the defendant’s bookstore in New York County and purchased two films which the defendant purportedly depicted as "Kiddie Films.” Subsequently the defendant was arrested and indicted for violations of section 263.10 of the Penal Law (promoting an obscene sexual performance by a child) and section 263.15 of the Penal Law (promoting a sexual performance by a child).
article 263
The two specific provisions of article 263 of the Penal Law provide as follows:
"§ 263.10 — Promoting an obscene sexual performance by a child.
"A person is guilty of promoting an obscene sexual performance by a child when, knowing the character and content thereof, he produces, directs or promotes any obscene performance which includes sexual conduct by a child less than sixteen years of age.”
"§ 263.15 — Promoting a sexual performance by a child.
*672 "A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs or promotes any performance which includes sexual conduct by a child less than sixteen years of age.”*
The operative terms employed in both sections are further defined in section 263.00 of the Penal Law as follows:
"As used in this article the following definitions shall apply:
"1. 'Sexual Performance’ means any performance or part thereof which includes sexual conduct by a child less than sixteen years of age.
"2. 'Obscene sexual performance’ means any performance which includes sexual conduct by a child less than sixteen years of age in any material which is obscene, as such term is defined in section 235.00 of this chapter.
"3. 'Sexual conduct’ means actual or simulated sexual intercourse, deviate sexual intercourse, sexual beastiality, masturbation, sadomasochistic abuse, or lewd exhibition of the genitals.
"4. 'Performance’ means any play, motion picture, photograph or dance. Performance also means any other visual representation exhibited before an audience.
"5. 'Promote’ means to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit or advertise, or to offer or agree to do the same.
"6. 'Simulated’ means the explicit depiction of any of the conduct set forth in subdivision three of this section which creates the appearance of such conduct and which exhibits any uncovered portion of the breast, genitals or buttocks.
"7. 'Deviate sexual intercourse’ means the conduct defined by subdivision two of section 130.00 of this chapter.
"8. 'Sado-masochistic abuse’ means the conduct defined in subdivision five of section 235.20 of this chapter.”
THE CHALLENGE
Implying that the very fabric of the First, Fifth and Fourteenth Amendments of the United States Constitution (and the corresponding provisions of the New York State Constitu *673 tion) would be shredded by upholding article 263 of the Penal Law, the defendant asserts that the statute is overly broad, vague, irrational, arbitrary, serves no legitimate State interest, is penally excessive and violates the doctrine of equal protection of the laws.
THE LAW
 Before discussing the specific provisions of sections 263.10 and 263.15 of the Penal Law certain postulates should be noted.
First Obscene material has no constitutional sanction or protection (Roth v United States, 354 US 476; Miller v California, 413 US 15).
. Second. The statutory definition of obscenity in section 235.00 of the Penal Law, incorporated by reference in article 263 of the Penal Law, tracks the guidelines of the United States Supreme Court in Miller v California (413 US 15, 24, supra). They are "(a) whether the average person, applying contemporary community standards’ would find that the work, taken as a whole, appeals to the prurient interest * * * (b) whether the work depicts or describes, in a patently offensive way, sexual conduct as specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political or scientific value.”
Third. The well-being of children is a subject long recognized as within a State’s constitutional power to regulate, particularly in relation to sexual matters. (Ginsberg v New York, 390 US 629; Prince v Massachusetts, 321 US 158; Miller v California, 413 US 15, supra; Paris Adult Theatre I v Slaton, 413 US 49.) In Prince (supra), the Supreme Court held that the State has legitimate interests in both protecting the welfare of its children and in seeing that they are safeguarded from abuses which might prevent their growth into free and well-developed citizens.
This proper concern for the welfare of children might well restrict what otherwise would be constitutionally protected conduct.
Even in those cases where ordinances have been struck down as facially invalid, the right of a Legislature to enact laws to protect children vis-á-vis sexual material has been sustained. Reversals have resulted primarily because statutes were drafted too broadly. (Cf. Calderon v City of Buffalo, 61 *674 AD2d 323; Erznoznik v City of Jacksonville, 422 US 205.) It is merely an example of the court telling the Legislature: "Do it, till you do it right.”
VAGUENESS
Within the context of the above discussion we will now examine the contentions of the defendant. Both sections 263.10 and 263.15 are alleged to "suffer from the constitutional vice of vagueness.” It is claimed that legislation limiting freedom of expression which fails to give fair notice of what acts will be punished violates the Constitution (Winters v New York, 333 US 507; People v Kahan, 15 NY2d 311).
While the principle is correct, the application is erroneous. The defendant asserts that the definition of sexual conduct fails to provide necessary notice to those who may be subject to its provision as to what is prohibited or permitted. The statute is manifestly sufficiently definite to give a person of ordinary intelligence fair notice of what conduct is forbidden (People v Smith, 44 NY2d 613).
Indeed, most of the prohibited forms of sexual conduct are described with anatomical precision. Further, there is a requirement of "scienter” limiting liability to those who know the character and content of what is being promoted (Ginsberg v New York, 390 US 629, 644, supra). The statute clearly provides "reasonably ascertainable standards of guilt” (Mishkin v New York, 383 US 502, 507); and the defendant, knowing the content of what he is distributing, will recognize when his conduct approaches the brink of illegality. (Roth v United States, 354 US 476 supra.)
AFFIRMATIVE DEFENSES
The defendant also challenges the affirmative defenses to the statutes by nature of their alleged discriminatory and arbitrary classifications, which it is claimed violate the equal protection clause of the Fourteenth Amendment.
Subdivision 2 of section 263.20 of the Penal Law evidences the Legislature’s intent to carve out a special defense to projectionists, librarians, ushers, etc., but fails to provide the same defense to similarly situated nonmanagerial employees in other types of establishments, such as, in the instant case, a bookstore. Suffice it to say that the defendant, allegedly the principal owner of the bookstore, lacks the requisite standing *675 to attack this provision, as he is not of the class affected by its application. "[A] person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others”. (Broadrick v Oklahoma, 413 US 601, 610.) As the court in United States v Raines (362 US 17, 22) stated: "The delicate power of pronouncing an Act * * * unconstitutional is not to be exercised with reference to hypothetical cases”.
section 263.10
The defendant specifically challenges the validity of section 263.10 of the Penal Law, promoting an obscene sexual performance by a child, as overbroad, vague and irrational and additionally carries an unconstitutionally excessive penalty. The thrust of the defendant’s argument is that the statute escalates punishment of obscene material, ordinarily a misdemeanor (maximum one year) to a class D felony (maximum seven years) by the mere inclusion of a particular segment, sexual conduct by a child, which in and of itself may not be legally obscene. Thus, argues counsel in his brief, "a tasteful depiction of sexual conduct by a juvenile would, if it satisfied the standard of Miller, supra, militate against a finding that the work is obscene, and, if the jury would find that in spite of the presence of such protected expression the performance or vehicle is nevertheless obscene, this very same depiction would serve to increase the defendant’s penalty drastically”.
One might wonder how to create a nonobscene "tasteful depiction” of sexual conduct by a juvenile within an overall obscene performance. It is difficult to conceive of a "tasteful depiction” of sodomy or masturbation or beastiality.
But even if such a nonobscene, tastefully depicted sexual conduct by a child was possible (a highly doubtful proposition), the defendant’s contention must fail.
The primary purpose of the statute is the protection of children. The purpose is "To eliminate the sexual exploitation of children by establishing strict criminal sanctions against individuals who induce children to participate in sexual performances and who profit from the distribution of such material” (Memorandum in Support A-3587-C, Assemblyman Lasher).
*676 This is a valid legislative purpose, reasonable and rational, as is the escalation of penalty for those who abuse or profit from such exploitation. The increased penalty neither shocks the conscience nor offends this court’s sense of fundamental fairness.
section 263.15
The major attack on the statute is addressed to section 263.15 of the Penal Law, promoting a sexual performance by a child. This section poses greater constitutional problems, for the section prohibits sexual conduct by a child, even if the performance is within a constitutionally protected context. This clearly was the intent of the Legislature.
"Although one promotion section of the new Article is based on an obscenity standard, the primary intent of the Article is to make the inducement of children to engage in sexual performances and the promotion of such material absolutely prohibited. It is irrelevant to the child whether or not the material is obscene or has a literary, artistic, political, or social value. In essence this Article would make material containing children in sexual performances, no matter what the purpose, against the public policy of this state” (Memorandum in Support A-3587-C, Assemblyman Lasher; emphasis in original).
Hence our Legislature has said that even within a work of obvious literary or artistic merit, sexual conduct by a child, as defined in article 263 of the Penal law, is prohibited.
This poses the not unusual dilemma of balancing the right of freedom of expression against the right of the Legislature to protect children against sexual exploitation. The "variable obscenity” test (what may be constitutionally protected for adults is not necessarily protected for children) is inapposite since "variable obscenity” refers to distribution of sexual material to minors. Here, we are dealing with use of minors in performances of sexual conduct (Ginsberg v New York, 390 US 629, supra).
On balance, the protection of children must prevail. Further, the likelihood that children performing sexual intercourse or lewdly exhibiting their genitals would constitute an important part of a performance is highly remote in any event. If it were important for literary or artistic value, a juvenile over 16 who perhaps looked younger could be utilized. Simultation outside of the prohibition of the statute could *677 provide another alternative. Where alternate means to safeguard expression are reasonably available, courts should not declare statutes unconstitutional which may inhibit such expression but which have independent and overriding justification.
In the words of the United States Supreme Court in Boradrick v Oklahoma (413 US 601, 615-616, supra) this case finds the statute "not substantially overbroad and that whatever overbreadth exists should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied.”
Indeed, it would seem anomalous for the State to be able to prohibit the employment of a child under 16 from working as a stagehand but be prevented from prohibiting the use of that child to engage in sexual intercourse on stage.
While the defendant’s attack on the statute invokes the spectre of Peter Zenger, Henry Miller, James Joyce, and D. H. Lawrence being imprisoned for violating its provisions, in reality we are dealing with two 8 mm. films, apparently 10 minutes in duration, one depicting a boy masturbating, the other a group of boys engaging in sexual conduct.
In sum, I find no constitutional impediment to this legislation. Its impact on limiting legitimate free expression is remote, hypothetical and speculative. It is aimed at curbing the pernicious practice of profiteering in the sexual exploitation of children, a proper purpose, properly enacted.
The motion to dismiss the indictment on constitutional and all other grounds is denied.

 These new offenses are punishable as class D felonies, which carry a maximum imprisonment for up to seven years as to individuals, and as to corporations a fine of up to $10,000 (Penal Law, §§ 70.00, 80.10).