■ In the Matter of CAPITAL DISTRICT REGIONAL OFF-TRACK BETTING CORPORATION, Appellant, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered October 17, 1979 in Schenectady County, which, in a proceeding pursuant to CPLR article 78, (1) denied petitioner's application to annul a determination of the respondent, and (2) transferred to this court that portion of the proceeding dealing with the issue of whether respondent's determination was supported by substantial evidence. Petitioner Capital District Regional Off-Track Betting Corporation (Capital District OTB) is a public benefit corporation established pursuant to the Regional Off-Track Betting Corporations Law (L 1973, ch 346, § 5, as amd). The New York State Racing and Wagering Board (State board) is the administrative body charged with overseeing the operations of regional off-track betting corporations (Off-Track Pari-Mutuel Betting Law [1973, ch 346, § 4], § 118, subd 1; New York State Racing and Wagering Board Law [L 1973, ch 346, § 3], § 201, subd 1). This proceeding involves the authority of the State board to correct a betting error made by Capital District OTB. On August 10, 1978, an employee of Capital District OTB mistakenly coupled the "D", horse with the "A" horse on the daily entry sheets for that day's second race at the Saratoga Thoroughbred Race Track. Under the OTB system, horses that are "coupled" together in the same race can be bet by wagering on the letter "U" and such a designation entitles the bettor to win if either horse prevails. By 10:00 A.M. on August 10, 1978, the erroneous coupling of the "A" and "D" horses was discovered and the information boards at all of the Capital District OTB branch offices were changed to reflect the correct coupling of the "Q" horse with the "A" horse. Following the "D" horse's

victory in the second race at Saratoga that day, Capital District OTB decided to pay in full all daily double tickets purchased before 10:00 A.M. with the winner of the first race and a "U" selection for the second race. Although it believed it had no obligation to ticket holders who selected the "U" coupling in the second race and placed their bets after the correction was posted at 10:00 A.M., Capital District OTB offered to pay those tickets on a 50% basis. Following complaints by several persons dissatisfied with this offer, the State board, by a directive dated September 13, 1978, ordered Capital District OTB to make full payment to all daily double ticket holders for August 10, 1978 who picked the winner of the first race and selected the "U" coupling in the second race. Following a hearing requested by Capital District OTB, the State board sustained its directive by an order dated January 19, 1979. This article 78 proceeding seeking to annul the State board's determination was then commenced. Special Term held that the State board had jurisdiction to make such determination and transferred the matter to this court for determination of the issue of whether the State board's decision was supported by substantial evidence. It is beyond dispute that the State board has been given broad jurisdiction to oversee off-track betting operations within the State for the purpose of ensuring that the objectives set forth in section 116 of the Off-Track Pari-Mutuel Betting Law are accomplished. Toward this end the State board has been empowered to issue appropriate rules and regulations (Off-Track Pari-Mutuel Betting Law, § 118). It is equally clear that regional off-track betting corporations have broad authority to regulate their daily affairs. They are authorized to promulgate such rules and regulations "consistent with the provisions of this act as [they] may deem necessary or desirable to carry out the purposes of this article" (Regional Off-Track Betting Corporations Law, § 173, subd 11, par [a]; see Regional Off-Track Betting Corporations Law, § 173, subd 12). It is important to note that the State board has not adopted any rule or regulation giving it jurisdiction over disputed betting errors involving one of the regional off-track betting corporations. Capital District OTB, on the other hand, has adopted a rule stating that its determination as to disputed betting errors "shall be final and not subject to further legal action" (CDROTBC, Rules and Regulations, § 6.10). This regulation, which has the force and effect of law (Regional Off-Track Betting Corporations Law, § 173, subd 11, par [a]), had been previously approved by the State board as part of Capital District OTB's plan of operation (Off-Track Pari-Mutuel Betting Law, § 119). While it may have been within the power of the State board to establish a procedure whereby it would resolve complaints concerning betting errors (see *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471), the State board has not chosen to exercise such power. Thus, this is not a situation in which Capital District OTB has violated a statute or one of the State board's regulations. It is the State board who has ignored a previously approved rule of Capital District OTB giving that corporation final authority over resolution of disputed betting errors, and dissatisfied patrons retain their remedy at law against the regional off-track betting corporation (see Regional Off-Track Betting Corporations Law, § 173, subd 1). Since the action taken by the State board in directing Capital District OTB to pay certain daily double tickets in full was not supported by any validly issued rule or regulation and was contrary to a regulation validly promulgated by Capital District OTB, it was arbitrary and capricious. Accordingly, the judgment must be reversed and such a decision makes it unnecessary for us to reach the issue of substantial evidence transferred to this court by Special Term. Judgment reversed, on

the law, without costs; petition granted and determination annulled. Mahoney, P. J., Staley, Jr., Casey and Herlihy, JJ., concur.

Kane, J., dissents and votes to affirm in the following memorandum. Kane, J. (dissenting). I am unable to conclude that respondent board abdicated its statutorily mandated responsibility to ensure the proper conduct of an off-track betting facility (Off-Track Pari-Mutuel Betting Law, § 116), merely by approving regulations of a purely local nature adopted by petitioner. Those regulations, even though they provide that petitioner's determinations shall be considered final, cannot, in my view, supersede the clear mandate of the Legislature (Off-Track Pari-Mutuel Betting Law, § 118, subd 1; see *Saratoga Harness Racing v New York State Off-Track Pari-Mutuel Betting Comm.*, 30 NY2d 207, 220). Moreover, a close examination of the rules promulgated by petitioner demonstrates that its resolution of the problem, which was induced by its own error, was in contravention of its directives (Rules of CDROTBC, § 2.8, par [B]; § 2.10A). Accordingly, I cannot view respondent's determination as arbitrary or capricious and would affirm Special Term and confirm the determination (cf. *Matter of Sullivan County Harness Racing Assn. v Glasser*, 30 NY2d 269).