## (April 30, 1982)

■ JOHN DOUGAL et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. — In an action to declare that Local Law No. 42 of the 1981 Local Laws of the County of Suffolk and Local Law No. 4 of chapter 33 of the 1981 Laws of the Town of Islip are unconstitutional, plaintiffs appeal from an order of the Supreme Court, Suffolk County (Vitale, J.), entered March 31, 1982, which denied their motion for a preliminary injunction enjoining enforcement of said laws. Order reversed, without costs or disbursements, and the motion for a preliminary injunction is granted. We direct that the matter be set down for trial on or before May 17, 1982, and that the trial continue from day to day until completed. The case is remitted to Special Term to fix an amount for an undertaking (see CPLR 6312). The allegations of financial hardship and the need to avoid forcing an individual to speculate on the scope of a criminal statute (see *Geiger v City of Eagan,* 618 F2d 26; *Guinness-Harp Corp. v Schlitz Brewing Co.,* 613 F2d 468) establish the need for temporary injunctive relief. In addition, without indicating in any way how we would resolve the issues raised by plaintiffs, we note that arguments similar to those raised in this case have been·found to be meritorious by a Federal District Court (*Hoetzer v County of Erie,* 497 F Supp 1207). Accordingly we are of the view that the temporary injunction should issue and that the case be tried immediately so that a final resolution of the questions in issue may be expeditiously achieved. Damiani, J. P., Mangano, Gulotta and Niehoff, JJ., concur.

# THIRD DEPARTMENT, APRIL, 1982

## (April 1, 1982)

■ In the Matter of CAPITAL DISTRICT REGIONAL OFF-TRACK BETTING CORPORATION, Appellant, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Shea, J.), entered October 17, 1979 in Schenectady County, which, in a proceeding pursuant to CPLR article 78, (1) denied petitioner's application to annul a determintion of respondent, and (2) transferred to this court that portion of the proceeding dealing with the issue of whether respondent's determination was supported by substantial evidence. The facts of this case are recited in this court's previous decision in this proceeding (76 AD2d 970), wherein we held that respondent's action in correcting a betting error committed by petitioner was arbitrary and capricious. This court's order was reversed by the Court of Appeals (54 NY2d 154) and the matter remitted to us for consideration of the substantial evidence issue not previously addressed. Since there is substantial evidence in the record to support respondent's determination requiring petitioner to make full payment to holders of certain pari-mutuel tickets, the determination must be upheld. Petitioner concedes that a betting error was made as a result of its own negligence. It further concedes that not all patrons who may have been affected by the error were paid in full. The Court of Appeals, in reversing this court's order in this case, has instructed us that respondent is vested with the authority to require full payment under the circumstances presented herein. Thus, it cannot be said that respondent's determination lacked substantial evidence. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.